**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| PATRICIA AMARAL, Plaintiff, | ) | |
| v. | ) | Civil Action No. 25-12625-MJJ |
| COX et al., Defendant. | ) | |

**MEMORANDUM OF DECISION**

September 18, 2026

JOUN, D.J.

Plaintiff is a resident of Massachusetts who brought claims in state court regarding alleged violations of state and municipal law by the City of Gloucester and other Massachusetts state offices in the transferring and recategorization of public park land. *Amaral v. City of Gloucester*, No. 2077-cv-01303, 2021 WL 11722219 (Mass. Super. Aug. 2, 2021). Plaintiff, alongside other Massachusetts taxpayers, sought to stop the construction of a public school on the public park land. *Id.* The Superior Court dismissed the case, finding that the plaintiffs lacked standing to bring suit against the state offices, and granted the City of Gloucester's Motion for Summary Judgment. *See id*. The Appeals Court subsequently affirmed the Superior Court's judgment, *Amaral v. City of Gloucester*, 101 Mass. App. Ct. 1115 (2022) (Mass. App. Ct. Rule 23.0), and the Massachusetts Supreme Judicial Court later denied further appellate review, *Amaral v. City of Gloucester*, 490 Mass. 1107 (2022). Plaintiff did not seek review in the United States Supreme Court.

Instead, Plaintiff brought this action to federal district court under 42 U.S.C. § 1983, alleging that her Fourteenth Amendment rights to due process and equal protection were violated in connection with the state-court proceedings and the underlying municipal conduct. [Doc. No. 1 at ¶ 2]. She names as defendants current and former state-court judges who presided over the various state-court proceedings (the "Judicial Defendants"), as well as current and former officials and employees of the City of Gloucester (the "Gloucester Defendants"). [Doc. No. 1]. All Defendants now move to dismiss. [Doc. Nos. 24 & 26].

For the reasons explained below, the Motions are GRANTED.

## I. 42 U.S.C. § 1983

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, even a pro se complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. Construing Plaintiff's pleadings liberally and accepting her well-pleaded factual allegations as true, Plaintiff fails to state a claim under 42 U.S.C. § 1983 against any Defendant.

### A. Judicial Defendants

As to the Judicial Defendants, Plaintiff principally alleges that judicial bias, the treatment of her evidence and arguments, and the disposition of the state-court proceedings deprived her of due process and equal protection. [Doc. No. 1 at ¶ 3]. Plaintiff alleges, among other things, that the Superior Court judge improperly treated her affidavit and other evidence, made statements demonstrating hostility or bias, misapplied procedural rules, and granted summary judgment notwithstanding disputed issues of fact. [*Id.* at ¶¶ 73-101]. She similarly challenges the Appeals

Court's treatment of issues and evidence on appeal. [*Id.* at ¶¶ 102-111]. These allegations, even accepted as true and construed generously, do not support a plausible inference of constitutionally impermissible judicial bias or otherwise establish a violation of the Fourteenth Amendment. The challenged conduct—including the Judicial Defendants' treatment of Plaintiff's evidence, application of procedural rules, disposition of the summary-judgment motion, and resolution of the appeal—consists of actions taken in adjudicating the state-court proceedings. Plaintiff's disagreement with those rulings, and her allegations concerning the judges' comments and treatment of her arguments and evidence, do not plausibly allege that she was deprived of a constitutionally adequate opportunity to be heard before an impartial tribunal or otherwise denied due process or equal protection. Accordingly, Plaintiff fails to state a § 1983 claim against the Judicial Defendants.

**B. <u>Gloucester Defendants</u>**

As to the Gloucester Defendants, Plaintiff alleges that municipal officials violated state and municipal laws governing the transfer and use of the property, misrepresented the legal and protected status of the land, disregarded deeded easements and interests allegedly created through Community Preservation Act expenditures, and improperly withheld public records. [Doc. No. 1 at ¶¶ 24-72]. Plaintiff contends that this conduct adversely affected her property interests and deprived her of due process and equal protection. [*Id.* at ¶ 91]. She further alleges that the City inconsistently applied statutory requirements and selectively disregarded environmental and land-use requirements. [*Id.* at ¶¶ 43-72].

Even accepting those factual allegations as true, however, the Complaint does not plausibly allege that the Gloucester Defendants deprived Plaintiff of a constitutionally protected property or liberty interest without constitutionally adequate process. Nor does it plausibly allege facts

showing that Plaintiff was intentionally treated differently from similarly situated persons in a manner giving rise to a violation of the Equal Protection Clause. Alleged violations of state statutes, municipal requirements, land-use procedures, property restrictions, or public-records requirements do not, without more, establish a violation of the Fourteenth Amendment actionable under § 1983. The Complaint therefore fails to plausibly allege an underlying constitutional deprivation attributable to any Gloucester Defendant.

### C. <u>**Plaintiff's Oppositions**</u>

Plaintiff's oppositions do not cure these deficiencies. [Doc. Nos. 28 & 29]. Plaintiff maintains that the challenged municipal actions constitute independent constitutional violations rather than merely an attempt to overturn the state-court judgment, and she identifies municipal conduct that she contends was not adjudicated by the state courts. [*Id.*] But regardless of whether those allegations are independent of the state-court judgment, Plaintiff must still plausibly allege a deprivation of a right secured by the United States Constitution or federal law to state a claim under § 1983. For the reasons stated above, she has not done so. The plausibility requirement is intended to "screen out claims in which the factual allegations of the complaint are too scanty or too vague to render the claims plausible." *Rios-Campbell v. U.S. Dep't of Com.*, 927 F.3d 21, 24 (1st Cir. 2019); *see also Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013) (describing the plausibility standard as "a screening mechanism designed to weed out cases that do not warrant either discovery or trial"). Plaintiff's allegations, liberally construed, do not plausibly state a Fourteenth Amendment violation against either group of Defendants. Her § 1983 claims therefore fail as a matter of pleading.

### D. Defendants' Remaining Arguments

Defendants raise additional grounds for dismissal that the Court need not reach. The Judicial Defendants invoke, among other grounds, Eleventh Amendment sovereign and judicial immunity, Rooker-Feldman doctrine, and insufficient service of process, [Doc. No. 24], while the Gloucester Defendants separately raise service, Rooker-Feldman, and the statute of limitations, [Doc. No. 26]. Because the Complaint fails to state a plausible federal constitutional claim against any Defendant, and that defect independently requires dismissal of Plaintiff's § 1983 claims, the Court does not reach Defendants' remaining arguments.

## II. CONCLUSION

Accordingly, the Judicial Defendants' Motion to Dismiss [Doc. No. 24] and the Gloucester Defendants' Motion to Dismiss [Doc. No. 26] are GRANTED. Plaintiff's claims arising under 42 U.S.C. § 1983 are DISMISSED with prejudice. Because no claims remain, judgment shall enter for Defendants, and this case shall be closed.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge